IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
ST. JOSEPH DIVISION

| | |
|---|---|
| MICHAEL THOMAS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 22-06123-CV-SJ-WBG |
| ) | |
| DWIGHT D. EISENHOWER VA ) | |
| MEDICAL CENTER, et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER

On September 1, 2022, Plaintiff Michael Thomas filed a Small Claims Petition in the Circuit Court of Platte County, Missouri, asserting claims against Defendants Dwight D. Eisenhower VA Medical Center and Metro Emergency Physicians LLC. Doc. 1-3. On November 16, 2022, Defendant Dwight D. Eisenhower VA Medical Center removed the matter to this Court. Doc. 1. As of February 14, 2023, the docket did not reflect Plaintiff had served Defendant Metro Emergency Physicians. That same day, the Court directed Plaintiff to show cause why his claim against Defendant Metro Emergency Physicians should not be dismissed for failure to effect service. Doc. 15. The Order warned Plaintiff that if he failed to show cause by March 1, 2023, his claim against Defendant Metro Emergency Physicians would "be dismissed without further notice." *Id*.

On February 27, 2023, Plaintiff responded to the Court's Order. Doc. 17. In his filing, Plaintiff stated he "was unaware that Metro Emergency Physicians LLC had not been served until" he received the Court's February 14, 2023 Order. *Id*. at 1. Nevertheless, he suggested he had served Defendant Metro Emergency Physicians: "According to U.S. Postal Service Certified Mail Receipt 7021 1970 0000 6956 7505, the serve notice was delivered to the front desk, reception

area, or mail room at Metro Emergency Physicians LLC at 10:25 am on October 27, 2022 . . . ." *Id.* at 1. Based on the filings in this matter, including Plaintiff's February 27, 2023 filing (Doc. 17),[1] Plaintiff has not demonstrated he served Metro Emergency Physicians. *See* Fed. R. Civ. P. 4(c) (service in general), 4(d) (waiver of service), 4(h) (serving a corporation), 4(l) (filing proof of service); Mo. R. Civ. P. 54.13(a) (personal service in Missouri), 54.13(b)(3) (serving a corporation), 54.13(c) (waiver of service), 54.16 (acknowledgment of service by mail).

If a defendant is not timely served, "the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). If "the plaintiff shows good cause for the failure" to serve the defendant, "the court must extend the time for service for an appropriate period." *Id*. To show good cause, a plaintiff must demonstrate at least "'excusable neglect' – good faith and some reasonable basis for noncompliance with the rules." *Colasante v. Wells Fargo Corp.*, 81 F. App'x 611, 613 (8th Cir. 2003) (stating the determination of good cause "is entrusted to the sound and considerable discretion of the district court") (citation omitted); *see also* 4B Adam N. Steinman, Federal Practice and Procedure § 1137 (4th ed. 2022) ("It is the plaintiff's burden to establish good cause."). To ascertain whether good cause exists, the court primarily focuses on the plaintiff's reasons for not complying with the rule requirements. *See Kurka v. Iowa Cnty.*, 628 F.3d 953, 958 (8th Cir. 2010) (citation omitted). If a plaintiff fails to show good cause, the court may extend the time for service, but the plaintiff must demonstrate "excusable neglect" to warrant this permissive extension. *Id*.

On February 14, 2023, the Court notified Plaintiff that his claim against Metro Emergency Physicians would be dismissed if he failed to show good cause for failure to effect service. Doc.

---

[1] Since February 27, 2023, the Court has not received any additional filings from Plaintiff.

15. In its Order, the Court cited, among other things, Rule 4(m) of the Federal Rules of Civil Procedure. *Id*. In response to the Court's Order, Plaintiff neither explained why he failed to timely and properly serve Metro Emergency Physicians nor provided any basis for his lack of compliance with the applicable rules. *See* Doc. 17. Additionally, Plaintiff did not indicate he made any other efforts to serve Defendant Metro Emergency Physicians since he filed the case or after receiving the Court's February 14, 2023 Order. *See id*. He provided no basis – much less a reasonable basis – for failing to comply with the rules. *See id*. And, although not mentioned in his filing, Plaintiff's pro se status alone "is not automatically enough to constitute good cause for purposes of Rule 4(m)." Steinman, Federal Practice and Procedure § 1137.

Based on the foregoing, the Court finds Plaintiff has not demonstrated good cause or excusable neglect. Therefore, the Court may not extend the time to serve Defendant Metro Emergency Physicians. Due to his failure to effect service, Plaintiff's claims against Defendant Metro Emergency Physicians LLC are **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**

DATE: May 3, 2023

　　　　　　　　　　　　　　　　　　　　*/s/ W. Brian Gaddy*
W. BRIAN GADDY
UNITED STATES MAGISTRATE JUDGE